**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4729-18T2

THE BANK OF NEW YORK
MELLON f/k/a THE BANK OF
NEW YORK, AS TRUSTEE FOR
THE BENEFIT OF THE
CERTIFICATE HOLDERS OF
THE CWALT, INC.,
ALTERNATIVE LOAN TRUST
2004-2CB, MORTGAGE PASS-
THROUGH CERTIFICATES
SERIES 2004-CB,

  Plaintiff-Respondent,

v.

ROBERT NEMETH, a/k/a
ROBERT L. NEMETH, and SPOUSE
OF ROBERT NEMETH, a/k/a
ROBERT L. NEMETH,

  Defendants-Appellants,

and

MAIN STREET ACQUISITION
CORP., MICHAEL E. PANAGOS,
ESQ., and SHERRY NEMETH,

Defendants.

_____

Argued telephonically June 3, 2020 –
Decided June 22, 2020

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-014243-18.

Robert Nemeth, Jr., appellant, argued the cause pro se.

Robert W. Williams argued the cause for respondent (Mattleman, Weinroth & Miller, PC, attorneys; Robert W. Williams, on the brief).

PER CURIAM

Defendants Robert Nemeth and Debra Nemeth appeal from a May 29, 2019 final judgment of foreclosure entered in favor of plaintiff The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Benefit of the Certificate Holders of the CWALT, Inc., Alternative Loan Trust 2004-2CB, Mortgage Pass-Through Certificates, Series 2004-CB. We affirm.

In 2003, defendants executed a note and mortgage as security for a $124,000 loan. The note and mortgage were assigned to plaintiff on May 7, 2013. Defendants defaulted on the note by failing to make the payment due on March 1, 2016 and any payments thereafter. Based on defendants' default, in

2

2018, plaintiff filed a foreclosure complaint. Defendants filed an answer, raising defenses based on the court's lack of jurisdiction, plaintiff's lack of standing, and other grounds. In a February 15, 2019 order, the judge granted plaintiff's motion to strike defendants' answer and the matter proceeded as uncontested. A final judgment of foreclosure was issued on May 29, 2019.

On appeal, defendants raise the following arguments:

[POINT I]

> THE TRIAL COURT ERRED IN IGNORING THE NOTICE OF CHALLENGE OF JURISDICTION.

[POINT II]

> THE TRIAL COURT ERRED IN IGNORING THE RULES OF COURT WHEN IT GRANTED PLAINTIFF'S MOTION TO STRIKE THE CONTESTING ANSWER USING SUMMARY JUDGMENT STANDARD PURSUANT TO [RULE] 4:46.

[POINT III]

> THE TRIAL COURT ERRED AND OR ABUSED ITS DISCRETION BY IGNORING AN EXPRESSION OF CONSTRUCTIVE TRUST AND APPELLANTS' RIGHTS AS BENEFICIARIES THUS DEPRIVING APPELLANTS' DUE PROCESS RIGHTS.

[POINT IV]

> THE TRIAL COURT ERRED AND OR ABUSED ITS DISCRETION BY GRANTING PLAINTIFF'S

A-4729-18T2

MOTION FOR FINAL JUDGMENT, IN VIOLATION OF APPELLANTS' DUE PROCESS RIGHTS.

[POINT V]

REAL PARTY IN INTEREST AND STANDING CANNOT BE WAIVED.

[POINT VI]

NO DISCOVERY SHOULD HAVE BEEN ALLOWED UNTIL PLAINTIFF WOULD HAVE PROVEN THE CHALLENGE OF JURISDICTION.

[POINT VII]

VIOLATIONS OF HEARSAY RULE.

[POINT VIII]

LACK OF SUBJECT MATTER JURISDICTION [RULE] 4:6-2(a).

[POINT IX]

PLAINTIFF FAILS TO ESTABLISH OWNERSHIP OF THE LOAN[.] THE TRIAL COURT PRESUMED THAT A NON-EXISTENT ENTITY CAN CONVEY A MORTGAGE LOAN INTO A CLOSED TRUST.

[POINT X]

THE ORDER AND OPINION MISCONSTRUED NEW JERSEY LAW GOVERNING THE TIMING OF WHEN A CREDITOR MUST ACQUIRE A MORTGAGE LOAN.

4                                                                    A-4729-18T2

We find insufficient merit in these arguments to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm the May 29, 2019 final judgment of foreclosure substantially for the reasons set forth by Judge Francis Hodgson in his July 31, 2019 written amplification pursuant to Rule 2:5-1(b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION